362

[Civ. No. 10306.   Second Appellate District, Division One.—January 22, 1936.]

EDWARD T. WALLIS et al., Appellants, v. AUGUSTUS W. CARDER et al., Respondents.

John A. Jorgenson for Appellants.

Overton, Lyman & Plumb, Cecil A. Borden and A. J. Verheyen for Respondents.

ROTH, J., *pro tem.*—Appellants, as plaintiffs, sued respondents for damages because of fraudulent representations made to them by respondents, inducing them to purchase a lot from the Security-First National Bank, acting in its capacity as administrator with the will annexed of the estate of Lepper, hereinafter referred to as "bank". The respondents Carder and Los Angeles Mountain Park Company, hereinafter referred to as "company", acted as agents and brokers of said bank.  When the case was called for trial, bank and company joined in an objection to the evidence.  The objection was sustained and appellants were given leave to amend conditioned upon postponement of the trial.   Appellants

decided to amend forthwith, and requested permission to do so, which the trial court refused. Thereupon the trial court granted judgment in favor of all respondents, although the record does not show that respondent Carder joined in the objection to the evidence, or took any part in the proceedings thereon. ■ The basis of the objection to the evidence was that there were no material actionable misrepresentations alleged in the complaint. The representations alleged by the complaint are, (1) that at a previous time bank had made a loan of $3,000 on the property involved; (2) that the property could be purchased for $2,825, because the bank had foreclosed its mortgage thereon; (3) that the boundary lines of the property pointed out to appellants, when they inspected the lot prior to their agreement to purchase the same, were not the true boundary lines. The complaint does not allege in so many words that appellants were ignorant of the true facts, but it does allege, "That plaintiffs believed in and relied upon such representations and were induced thereby to purchase, and did purchase, said lot for the total sum of Twenty-eight Hundred and Twenty-five Dollars ($2825.00), . . . " The complaint further alleges the falsity of each and every representation made. The pleading would be vulnerable as against a special demurrer, but in our opinion is sufficient as against an objection to the evidence. (*Spreckels* v. *Gorrill,* 152 Cal. 383, 386, 387 [92 Pac. 1011].)

In the case of *Estes* v. *Edgar Zinc Co.,* 97 Kan. 774 [156 Pac. 758], it is said: "It does not take much of a pleading to be good against an objection to the introduction of evidence. Conclusions which apprise the opposite party of what is claimed are sufficient against such an objection, and, indeed, conclusions of that kind are sufficient against a formal demurrer when no motion to make definite and certain has been interposed. Besides this, as the court has remarked on numerous occasions, the important thing is not whether the technical requirements of the old artificial system of framing sharp issues has been complied with, but whether the plaintiff has stated what he claims in such a way that the defendant may know what he has to meet."

We have read the complaint in its entirety and find it substantially complete even when viewed from a technical perspective. There is no question in so far as formal pleading is concerned that all the representations set out are material

ones, that they were relied upon, and that the contract of purchase and sale would not have been entered into if they had not been made. The complaint states a cause of action and the objection to the evidence should have been overruled.

The judgment is reversed.

York, Acting P. J., and Doran, J., concurred.